**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**RESERVE SOLUTIONS, INC.,**

                    **Plaintiff,**

          - against -

**MARK VERNAGLIA,**

                    **Defendant.**

**OPINION AND ORDER**

**05 Civ. 8622 (VM) (RLE)**

---

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Reserve Solutions, Inc. ("Reserve Solutions") commenced this action on October 11, 2005, against defendant Mark Vernaglia ("Vernaglia") for conversion of funds. On May 24, 2006, and May 31, 2006, the Court quashed Reserve Solutions's subpoena to American Express, a third party. Reserve Solutions requests that the Court reconsider this decision. For the reasons which follow, Reserve Solutions's application for reconsideration is **DENIED**.

## II. STANDARD FOR RECONSIDERATION

Reserve Solutions may move for reconsideration of the Order on the basis of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Federal Rules of Civil Procedure. Reserve Solutions must outline "the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. Reconsideration is merited if Reserve Solutions can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." **Shamis v. Ambassador Factors Corp**., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Rule 6.3

is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." **Shamis**, 187 F.R.D. at 151.

### III. DISCUSSION

Vernaglia, generally, would not have standing to quash or object to a subpoena served on American Express, a third party. **Chazin v. Lieberman**, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); **Chemical Bank v. Dana**, 149 F.R.D. 11, 13 (D. Conn.1993). He contends, however, that the credit card records Reserve Solutions seeks are private and confidential. Since Vernaglia claims a personal privacy right in the financial records being sought, he has standing to object to the issuance of the subpoena. **Chazin**, 129 F.R.D. at 98. Vernaglia claims the subpoena is overly broad. The Court agrees.

The scope of discovery is generally limited to any matter, not privileged, which is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b), Federal Rules of Civil Procedure. "Relevancy is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Crey v. Berisford Metals Corp.**, 1991 WL 44843, at *7 (S.D.N.Y. 1991) (citation omitted). "Discovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." **King v. Conde**, 121 F.R.D. 180, 194 (E.D.N.Y. 1988). However, "[u]pon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Rule 26(c). The Court has broad discretion in managing discovery, **Wills v. Amerada Hess Corp.**, 379 F.3d 32, 41 (2d Cir. 2004), and may

limit discovery from the subpoenas to material that pertains to acts specified in the complaint. **Chazin**, 129 F.R.D. at 98.

In its complaint, Reserve Solutions maintains that Vernaglia converted company funds. More specifically, it argues that Vernaglia used money from company accounts to pay personal expenses, and has a list of checks written by Vernaglia to American Express from company accounts. It seeks financial records from American Express to develop evidence of Vernaglia's alleged conversion. For his part, Vernaglia argues that company funds were used to pay business-related expenses.

The relevance of Reserve Solutions's subpoena to American Express was addressed by the Court on May 24, 2006, and was again considered on May 31, 2006. On May 24 the Court quashed Reserve Solutions's subpoenas to American Express as overbroad, and ordered that the subpoenas be withdrawn pending further discovery. Instead of withdrawing the subpoena as directed by the Court, Reserve Solutions served American Express with a revised subpoena. The revised subpoena, like the original subpoena, was overbroad because it was not limited to the accounts and transactions at issue in this case. On May 31 the Court quashed the revised subpoena.

Reserve Solutions's reconsideration application includes a lengthy list of exhibits. The exhibits contain, in writing, the same information Reserve Solutions orally presented to the Court on May 24. They contain no new evidence or information that would merit a reversal or modification of the Court's order. On May 24 the Court directed the parties to confer concerning the circumstances surrounding the payments to American Express before seeking discovery from a third party. Reserve Solutions has failed to confer with Vernaglia. Although this action

concerns the alleged conversion of funds, discovery should not include unrelated and detailed personal financial records and credit card information. The Court finds that Reserve Solutions's 1) subpoena is overly broad; and 2) rights to subpoena the financial records is outweighed by intrusions into Vernaglia's privacy interests. It appears that recent deposition testimony from a witness has explained at least some of the payments made to American Express. Conferring will allow both parties to conduct a more focused discovery. Compliance with the subpoena will infringe on Vernaglia's privacy rights, in that Reserve Solutions would access overly broad credit card records in detail.

## IV. CONCLUSION

Reserve Solutions does not point to any controlling decisions or factual matters that were presented to the Court on the underlying motion which the Court overlooked. **Shamis**, 187 F.R.D. at 151. In light of the foregoing, Reserve Solution's request for reconsideration is **DENIED**. The parties are directed to confer concerning the circumstances surrounding the payments to American Express by **July 10, 2006**.

**SO ORDERED this 26th day of June 2006**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**