UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RESERVE SOLUTIONS, INC.,

           Plaintiff,

- against -

MARK VERNAGLIA,

           Defendant.

OPINION AND ORDER

05 Civ. 8622 (VM) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Reserve Solutions, Inc. ("Reserve Solutions") commenced this action on October 11, 2005, against Mark Vernaglia ("Vernaglia") for conversion of funds. Pending before the Court is Vernaglia's application for an order directing Reserve Solutions to proceed with the deposition of third-party defendants, officers of Reserve Solutions. For the reasons which follow, Vernaglia's application is **GRANTED**.

## II. DISCUSSION

On May 24, 2006, the Court held a telephone conference at which counsel for both parties agreed to a deposition sequence: Vernaglia would be deposed before the third-party defendants. Vernaglia apprised the Court on June 20, 2006, of the parties failure to proceed with the depositions. He asserts that Reserve Solutions insists on delaying Vernaglia's deposition until American Express financial records, which the Court has ruled are not discoverable at this time, are disclosed. Reserve Solutions contends that the third-party defendants, officers of Reserve Solutions, will not be made available until Vernaglia is deposed. Vernaglia asks the Court for an order directing Reserve Solutions to proceed with depositions. For its part, Reserve Solutions

has failed to respond to Vernaglia's application.  On June 29, 2006, and July 5, 2006, the Court telephoned Reserve Solutions to discuss outstanding discovery disputes, but was unable to reach counsel.  Counsel for Reserve Solutions has failed to contact the Court.  Since Vernaglia's application has been pending since June 20, the Court finds that Reserve Solution's failure to submit a response and to communicate with the Court constitutes a default on the pending application.

On May 24, the parties agreed to a deposition sequence.  Reserve Solutions has failed to explain why it will not proceeded in accordance with this sequence.  "[M]ethods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery."  Rule 26(d), Federal Rules of Civil Procedure; **Rofail v. United States**, 227 F.R.D. 53, 54 (E.D.N.Y. 2005).  Reserve Solutions's basis for delaying depositions is without merit.  It cannot wait for the production of financial records to continue with depositions because the Court has continuously found these records undiscoverable at this time.  The Court quashed Reserve Solutions's subpoena to American Express on May 24, 2006.  This decision was again considered and reaffirmed on May 31, 2006, and June 26, 2006.  Since the Court has broad discretion in managing discovery, **Wills v. Amerada Hess Corp.**, 379 F.3d 32, 41 (2d Cir. 2004), and because depositions may be conducted in any order under Rule 26(d), the Court finds that the parties should adhere to the original schedule, and proceed with depositions. Compliance with the original schedule will insure the "just, speedy, and inexpensive determination" of this action. Rule 1.

**IT IS HEREBY ORDERED** that the parties:

1) proceed with the deposition of third-party defendants without delay; and

2) appear for a conference before the Court on **August 1, 2006, at 11:00 a.m**.

**SO ORDERED this 7th day of July 2006**
**New York, New York**

_/s/ Ronald L. Ellis_

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**