UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESERVE SOLUTIONS, INC. , | : |
| | : |
| Plaintiff, | : |
| | :    **OPINION AND ORDER** |
| - against - | : |
| | :    **05 Civ. 8622 (VM) (RLE)** |
| MARK VERNAGLIA, | : |
| | : |
| Defendant. | : |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

In this action for conversion, Mark Vernaglia ("Vernaglia), defendant and third-party

plaintiff, asserted a counterclaim against plaintiff and counterclaim defendant, Reserve Solutions,

Inc. ("Reserve"), for oppression of a minority shareholder.  It his Second Amended Request for

the Production of Documents, Vernaglia has requested all documents that would enable him to

determine the value of his interest in Reserve, including Reserve's 2004 and 2005 tax returns,

financial statements, accounts, payroll records, expense invoices, and inventory records.

Vernaglia claims that these documents are relevant to his counterclaim.  Reserve objected to this

document request as being vague, overbroad, unduly burdensome and not reasonably calculated

to result in the discovery of relevant, admissible evidence.

## II.  DISCUSSION

During a conference with the Court on October 17, 2006, the parties were directed to

submit support for their respective positions concerning the discoverability of Reserve's financial

records.   Vernaglia submitted an affidavit from the managing director of a forensic accounting

and business consulting firm who affirms the documents Vernaglia requested are those that the

affiant reviews and analyzes to determine a valuation of a shareholder's interest in a corporation where the valuation is disputed.  Vernaglia also submitted a copy of his third-party complaint, which contains a claim for oppression of a minority shareholder.

Reserve does not dispute the relevance of the documents requested.  Instead, it argues that Vernaglia alleges no specific claim, nor has a basis for valuation, appraisal or an accounting of its financial records.  Reserve further argues that Delaware law applies here because Reserve is a Delaware corporation.  Under Delaware precedent, Reserve argues that the task of valuing a shareholder's interest in the company is not frequently left to the shareholder seeking to be bought out and is typically given to a disinterested party after liability has been established.

The cases cited by Reserve do not address the issue before the Court.  This is not a bifurcated trial where liability and damages are tried at different stages.  The discovery phase of litigation is governed by the Federal Rules of Civil Procedure.  Rule 26 (b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" or  "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b)(1).  Additionally, Rule 26 (a)(1) requires a party to produce a calculation of damages claims and make available for inspection and copying documents upon which the calculation is based.  Fed. R. Civ. P. 26 (a)(1)(c).  Vernaglia has shown that he has a counterclaim for damages against Reserve for the oppression of a minority shareholder, and has shown that the information sought is used to determine the value of a shareholder's interest in the corporation, which is relevant to a calculation of damages.

3

## III. CONCLUSION

Because Reserve does not dispute the relevance of information sought, the Court finds

that Vernaglia is entitled to the information requested, which is relevant to his oppression of a

minority shareholder claim. Therefore, Reserve is **HEREBY ORDERED** to fully respond to

Request No. 66 of Vernaglia's Second Amended Request for Production of Documents as

required by Rule 26 by **November 27, 2006.**

**SO ORDERED this 16th day of November 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3